UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

OSCAR NUNEZ-NUNEZ                                   CIVIL ACTION

v.                                                  NO. 16-032

TROY L. MANUEL, ET AL.                              SECTION "F"

ORDER AND REASONS

Before the Court is the sole response to the Court's order that the parties file memoranda, and any pertinent proof, directed to the issue of whether the jurisdictional minimum existed at the time this case was removed from state court.  For the reasons that follow, this case is hereby REMANDED to the Civil District Court for the Parish of Orleans.

**Background**

Plaintiff Oscar Nuñez-Nuñez alleges that defendant Troy L. Manuel is responsible for an automobile accident that injured the plaintiff as he was driving his car on Airline Highway on December 10, 2014.  The plaintiff alleges that Manuel was driving a vehicle owned by defendants Haileyesus Inc. and/or Comet Express, Inc. and insured by defendants Great West Casualty Co. and Occident Fire and Casualty. The plaintiff alleges, "upon information and belief", that he has "sustained personal injuries to his entire body, including but not limited to, [his] skeletal, musculature, and nervous systems which caused [Plaintiff] to incur extensive medical

1

treatment, as well as other costs, expenses, loss of wages, and damages that may be proven at trial."

On December 9, 2015, the plaintiff sued the defendants in the Civil District Court for the Parish of Orleans. On January 4, 2016, Great West removed the lawsuit to this Court. In support of its contention that the Court has diversity jurisdiction over the plaintiff's lawsuit, Great West submits that there is complete diversity of citizenship between the plaintiff and each of the named defendants. Furthermore, Great West contends that it is clear from the record that the plaintiff seeks damages in excess of $75,000. Great West notes that the plaintiff has refused to stipulate that he seeks less than $75,000 in damages.

On January 20, 2016, the Court ordered the parties to submit memoranda, and any pertinent proof, directed to the issue of whether the jurisdictional minimum existed in this case at the time of removal. On February 1, 2016, Great West filed a memorandum in response to the Court's order. No other party has filed a response to the Court's order.

I.

Standard

The removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), cert. denied, 510 U.S. 868 (1993); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164

(5th Cir. 1988). "Because removal raises significant federalism concerns, the removal statute is strictly construed." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case—that is, if the plaintiff could have brought the action in federal court from the outset. *See* 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist between the plaintiff and all of the properly joined defendants, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

To determine whether it has subject matter jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002); *see also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Louisiana law requires that a plaintiff include "no specific amount of damages" in a prayer for relief. LA. CODE CIV. PROC. ART. 893.1. When the plaintiff has, therefore, alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404,

1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to prove "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Luckett*, 171 F.3d at 298. If the petition is ambiguous as to whether the alleged damages meet the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. *See Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Química de Colombia*, 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds by *Marathon Oil Co. v. Ruhgras*, 145 F.3d 211, 214 (5th Cir. 1998), rev'd on other grounds, 526 U.S. 574 (1999).

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); see *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *De Aguilar*, 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

II.

Application

Here, the Court cannot conclude that the jurisdictional minimum exists. Great West has not met its initial burden to show that it is facially apparent from the plaintiff's complaint that damages are likely to exceed $75,000, nor has it presented evidence sufficient for the Court to conclude the amount in controversy exceeds $75,000.

The plaintiff's complaint here simply does not contain enough information for the Court to conclude that it is facially apparent that damages exceed $75,000. In *Gebbia v. Wal-Mart Stores, Inc.*,

5

the Fifth Circuit found it facially apparent that damages exceeded $75,000 where, in addition to alleging specific injuries to the "right wrist, left knee and patella, and upper and lower back," the complaint detailed damages sought for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." *See* 233 F.2d 880, 883 (5th Cir. 2000). This Court's prior decisions finding the amount in controversy to be facially apparent likewise regarded complaints alleging more detailed injuries and damages sought. *See, e.g.*, *Tobin v. Lab. Corp. of Amer.*, Civ. A. No. 15-1731, 2015 WL 4478072 (E.D.La. Jul. 22, 2015) (Feldman, J.) (damages exceeding $75,000 facially apparent where massage therapist alleges damages for past and future physical, economic, and emotional harm related to permanent nerve damage to arm caused by improperly administered needle injection); *see also Pelas v. EAN Holdings, LLC*, Civ. A. No. 11-2876, 2012 WL 85841 (E.D.La. Jan. 11, 2012) (Feldman, J.) (damages in excess of $75,000 facially apparent where plaintiff alleges severe "injuries to her sternum and shoulder for which she has endured significant, pain, suffering disability, loss of wages, loss of earning capacity, medical expenses, travel expenses, associated miscellaneous expenses, mental anguish, emotional distress, loss of enjoyment of life, depression, and anxiety").

Here, the plaintiff's complaint contains no such detail. The

plaintiff's complaint does not describe in detail either the severity of his injuries or the scope of damages sought. Instead, the plaintiff's complaint vaguely alleges that he has received injuries to his "skeletal, musculature, and nervous system" and, besides alleging "extensive medical treatment" and "loss of wages," otherwise only makes allusions to "other costs." The Court cannot conclude that these allegations make it facially apparent that damages will likely exceed $75,000.

Nor can the Court conclude that the defendants have presented sufficient evidence to demonstrate that damages exceed $75,000. Besides the vague allegations in the complaint, the only other evidence offered by Great West is that the plaintiff is apparently unwilling to stipulate that damages will not exceed $75,000 and that the plaintiff allegedly did not comply with Louisiana Code of Civil Procedure Article 893 by not stating whether or not damages were less than the amount required for federal diversity jurisdiction. This alone is insufficient to establish that damages exceed $75,000.

Some district courts have factored in a plaintiff's refusal to specify or stipulate damages for the purposes of establishing or defeating federal jurisdiction. *See Borill v. Centennial Wireless, Inc.*, 872 F. Supp. 2d 522, 528—29 (W.D. La. 2012); *see also Carbajal v. Caskids Oil Operating Co.*, Civ. A. No. 05-5966, 2006 WL 1030392 (E.D.La. Apr. 18, 2006) (Africk, J.); *see also Broadway v.*

7

*Wal-Mart Stores, Inc.*, Civ. A. No. 00-1893, 2000 WL 1560167 (E.D.La. Oct. 18, 2000) (Livaudais, J.). In these cases, however, the plaintiff's failure to stipulate damages for the purposes of establishing jurisdiction was but one factor in a far more robust record. *See Borill*, 872 F. Supp. 2d at 528 ("severe facial fracture . . . permanent neurological damage . . . one or more disc herniation"); *see also Carbajal*, 2006 WL 1030392 at *3 (granting remand despite plaintiff's failure to stipulate damages and detail regarding medical expenses); *see also Broadway*, 2000 WL 1560167 at *2 ("several herniated discs . . . limited use of her left arm and persistent soreness of her head, neck and left arm").

Without more detail regarding the severity of plaintiff's alleged injuries and the extent of damages sought, the Court cannot conclude that the plaintiff's failure to specify or stipulate damages alone somehow relieves the defendants of their burden to establish that the amount in controversy in this case exceeds $75,000. Likewise, while the Court does not condone the plaintiff's failure to respond to the Court's January 20, 2016 Order, it is not appropriate to conclude counsel's unprofessional failure to comply constitutes sufficient evidence to change the outcome of the Court's analysis.[1]

---

[1] It seems helpful to observe that perhaps plaintiff's counsel is simply unprepared to represent litigants in federal court. But for that, it would not be a stretch to find counsel's conduct close to contemptible.

8

Accordingly, because the Court lacks subject matter jurisdiction over this lawsuit, IT IS ORDERED: that the above captioned case, Civil Action Number 16-032, is hereby REMANDED to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, February 12, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE